UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JILL NEWMAN, <br><br> Plaintiff, <br><br> v. <br><br> LLOYD & MCDANIEL, PLC and MIDLAND FUNDING, LLC, <br><br> Defendants. | CAUSE NO.: 1:18-CV-230-HAB |

**OPINION AND ORDER**

The Plaintiff, Jill Newman, brings this action pursuant to the Fair Debt Collection Practices Act (FDCPA). She alleges that Midland Funding, LLC (Midland), and Lloyd & McDaniel, PLC (L&M), used false, deceptive, or misleading representations, as well as unfair and unconscionable means to collect debts on two consumer credit card accounts. The Defendants have moved for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF Nos. 27 & 29]. The Defendants argue that the Plaintiff's interpretation of the pertinent collection letters was illogical, incorrect, and directly contradicted by the plain language of the letters, and that the Complaint and attached exhibits demonstrate that the objective unsophisticated consumer would not be confused in the manner alleged by the Plaintiff.

For the reasons set forth in this Opinion and Order, the Court will grant the Motions to Dismiss.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510,

1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 679–80. "[D]etermining whether a complaint states a plausible claim" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

# COMPLAINT ALLEGATIONS

The following statements are taken from the allegations in the First Amended Complaint, including the exhibits attached and incorporated therein. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

The Plaintiff incurred debts with Synchrony bank arising out of two credit card accounts. Midland obtained the debts and retained the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC (Blatt) for purposes of collection. Blatt obtained state court judgments on behalf of Midland.

Afterwards, in July 2017, the Plaintiff entered into a payment plan with Blatt for each account, which it memorialized in letters to the Plaintiff. (First. Am. Compl., Ex. A.) The letters stated that the minimum monthly payments were $60 and $55 on the two accounts. The letters further directed the Plaintiff to make payment directly to a specific office by July 27, 2017, and by the agreed day of each payment period thereafter. The letters stated that failure to pay the agreed minimum payment could result in further legal action after judgment.

Blatt would not take further action to collect the debts, such as garnishment, if the Plaintiff made the minimum payments each month. The Plaintiff provided Blatt her bank account information and authorized the creation of electronic checks from her bank account for the agreed-upon amounts each month. The Plaintiff understood that payments would continue to be taken every month until the debts were paid in full. Blatt created electronic checks and withdrew the agreed-upon amounts from the Plaintiff's bank account for the months of July, August, and September 2017.

Blatt ceased operations toward the end of 2017. The Plaintiff was not made aware of this fact by either Blatt or Midland. However, on November 16, 2017, L&M, who Midland had

retained to collect the Plaintiff's credit card debts, sent letters to the Plaintiff. The letters identified each account and the outstanding balance. They explained that Midland had referred the account to L&M for collection. "We have taken over this file from Blatt . . . who previously handled this account on behalf of Midland Funding LLC." (First Am. Compl., Ex. B.) "If you made payment arrangements with the prior servicer, please contact our office at your earliest convenience to discuss this matter. All future payments should be made to our office." (*Id.*) The letters then offered that payment could be made by check or online through L&M's website, followed by the request, "Please contact our office should you wish to discuss payment arrangements on your account." (*Id.*)

L&M did not continue the automatic payments arranged by Blatt. The Plaintiff did not respond to the letters, believing that the letters were sent for the limited purpose of informing her that L&M, rather than Blatt, was representing Midland.

On December 18, 2017, L&M sent subsequent written communications to the Plaintiff concerning the debts.

> As we believe you are aware, this firm now represents Midland Funding LLC. We understand that you previously made payment arrangements for this account with Blatt, Hasenmiller, Leibsker & Moore LLC and are happy to honor that arrangement. To continue or to make changes to your arrangement, please contact our office toll-free at [number] at your earliest convenience. You may also mail your payment to Lloyd & McDaniel, PLC, [address]. Please make funds payable to Midland Funding LLC.

(First Am. Compl., Ex. D.) Attached to each letter was an Automatic Debt Authorization form that would authorize L&M to initiate recurring electronic debit entries to the Plaintiff's account at her designated financial institution.

The December 18, 2017, letters do not mention the automatic electronic check payments the Plaintiff previously set up with Blatt. Because the letters stated that L&M would be happy to

4

honor her previous arrangements, the Plaintiff believed that electronic checks would be created each month based upon the agreed payment arrangements. The Plaintiff did not contact L&M.

When the Plaintiff did not make payments on the accounts, L&M initiated garnishment of her bank account. Although the Plaintiff called L&M on March 16, 2018, after her bank account was frozen, to request that the previous payment plan be restarted, L&M would not stop the garnishment. It only offered to revisit setting up payments if amounts were owed after the garnishment went through.

## ANALYSIS

The FDCPA was enacted to eliminate the "use of abusive, deceptive, and unfair debt collection practices" 15 U.S.C. § 1692. To that end, it prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. It also prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

The Plaintiff's Complaint does not identify any statements made by either Defendant that were false. The Plaintiff's claim, as set forth in the factual allegation of the First Amended Complaint, appears to be that the letters, because they did not advise her that she needed to send in a written check or reauthorize automatic payments with L&M, were incomplete and therefore misleading. Then, when the Plaintiff realized that L&M was garnishing her checking account and asked L&M to stop garnishment and reinstitute automatic payment instead, it acted unfairly by denying her request. The Defendants argue that the Plaintiff's claims rely solely on her subjective confusion, and that no reasonable person, even an unsophisticated consumer, would make such idiosyncratic conclusions.

In defending the Motion to Dismiss, the Plaintiff argues that "[h]er claims are not based on the content of [the Defendants'] collection letters. (Pl.'s Resp. 6, ECF No. 32.) They are, she asserts, based on

> (1) L&M's garnishment of her bank account, in spite of her binding agreement with Midland, the performance of which failed due to no fault of her own, and (2) L&M's subsequent refusal to reverse the garnishment and reinstate the payment plan. In other words, Ms. Newman states a plausible claim that Defendants violated the FDCPA based on these acts, *notwithstanding* L&M's mailing of the November and December 2017 letters.

(*Id.* (emphasis in original).) The Plaintiff asserts that she set up the automatic checking, assumed that the checks were still being automatically issued when L&M took over as the agent on the accounts, and was not informed otherwise. In other words, the Defendants' letters were insufficient to overcome the reasonable assumptions she made regarding the payment arrangements for her account because they did not explicitly describe her previous arrangement for automatic withdrawal and advise that it had not been continued. Then, the Defendants unfairly had her checking account garnished when the previous arrangement was not honored. "On the face of it, this smacks of unfairness and leaves Ms. Newman feeling she has been deceived." (*Id.* at 7.)

The Court finds that the Plaintiff has not stated a claim upon which relief may be granted because the pleaded factual content and attached exhibits do not allow the court to draw the reasonable inference that the Defendant violated the FDCPA.

> Section 1692e does not require clarity in all writings. What it says is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A rule against trickery differs from a command to use plain English and write at a sixth-grade level.

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). The Seventh Circuit instructs that FDPCA claims should be evaluated through "the eyes of an

'unsophisticated debtor.'" *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (quoting *Gammons v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). This is an objective standard that "protect[s] consumers who were not sophisticated, while at the same time . . . allowing a reasonableness inquiry to ensure that debt collectors [are] not liable for 'unrealistic or peculiar' interpretations of collection letters. *Id.* at 758 n.3; *see also Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414 (7th Cir. 2005). Under this standard, courts refuse to "entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan*, 455 F.3d at 758 (citing *Durkin*, 406 F.3d at 414).

Here, the Plaintiff complains that the letters were too "generic" for the Plaintiff to believe that they applied to her situation.

> Rather than explicitly advising as to what Ms. Newman needed to do in order to ensure the prior arrangements were honored as promised and avoid garnishment, the letters instead provide generic information that could apply to just about anyone. They request a phone call and provide a physical address for mailing checks.

(Pl.'s Resp. 9.) She asserts that this information would have been sufficient if her previous payments had been made by telephone or mail, but it was not adequate to inform her that automatic payments would not continue unless she specifically authorized them.

This theory does not present a plausible basis for recovery under the FDCPA. The December letter acknowledged that the Plaintiff had a previous arrangement with Blatt and advised, "To continue or make changes to your arrangement, please contact our office." The letter did not purport to limit the types of arrangements that necessitated a follow-up with L&M. It applied to the Plaintiff's previous "payment arrangements for this account with Blatt." Nor was the direction to contact L&M limited to the situation where the consumer wanted to make a change in the arrangements. It applied whether the consumer wanted to "*continue* or make changes" to the previous arrangement. Even to an unsophisticated consumer, this would have

communicated that action was necessary to continue her payment arrangement, as unsophisticated consumers are "capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (first quoting *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009); then quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). The letter cannot reasonably be construed as an attempt to trick the Plaintiff into taking **no action** so that the Defendants could pursue garnishment instead. The Plaintiff's decision to ignore the directions in the letter was made despite the language contained therein, not because of it.

Accordingly, no reasonable jury could find that the Defendants' actions were unfair or unconscionable when they turned to garnishment to collect the Plaintiff's debts after she missed payments, and the Complaint fails to state a plausible claim for relief under § 1692f. Although the allegations in the Complaint support the Plaintiff's subjective state of mind, including her understanding that payments would continue with no further action required by her, they do not show that this understanding was based on any misleading assurances from the Defendants. As stated above, the communication from L&M was just the opposite—that additional action was needed to continue with any arrangements the Plaintiff previously had with Blatt. Having communicated this, it was not unfair or unconscionable for the Defendants to avail themselves of lawful procedures and garnish the Plaintiff's bank account to recover the debt that the Plaintiff owed.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Lloyd & McDaniel, PLC's Motion to Dismiss [ECF No. 27], and GRANTS the Motion to Dismiss on Behalf of Midland Funding, LLC [ECF No. 29].

SO ORDERED on May 13, 2019.

     s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT