**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JILL NEWMAN,

      Plaintiff,

      v.                                  CAUSE NO.: 1:18-CV-230-HAB

LLOYD & MCDANIEL, PLC and
MIDLAND FUNDING, LLC,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Motions filed by Defendants Lloyd & McDaniel, PLC

(L&M) [ECF No. 43] and Midland Funding, LLC (Midland) [ECF No. 46], asking that the Court

award them attorney fees under 28 U.S.C. § 1927, which provides that a lawyer "who so multiplies

the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." Defendants assert that this statutory language applies to the conduct of Plaintiff's

counsel in this case.

**BACKGROUND**

Plaintiff, Jill Newman, brought this action pursuant to the Fair Debt Collection Practices

Act (FDCPA), alleging that Midland and L&M used false, deceptive, or misleading

representations, as well as unfair and unconscionable means to collect debts on two consumer

credit card accounts. In her original Complaint, filed on July 26, 2018, Plaintiff alleged that L&M

did not contact Plaintiff before taking action to collect on her debts, but initiated garnishment of

Plaintiff's bank account. (Compl. ¶¶ 42, 43.) Then, when she contacted Defendant L&M to restart

the automatic payment plan that had been in effect when a different debt collector had her account,

L&M refused to restart the payments until after the garnishment process. Plaintiff claimed that the refusal to honor the payment agreement with the previous debt collector was unfair and unconscionable.

After litigation was initiated, the parties, through counsel, informally exchanged information. Counsel for Defendants provided counsel for Plaintiff with the letters that demonstrated L&M had contacted Plaintiff prior to enforcing the judgments. The correspondence reveals counsel's disagreement whether L&M should have required Plaintiff to provide authorization to continue the automatic payment plan when the original debt collector ceased operations and L&M took over. Defendants considered Plaintiff's claims to be baseless and inquired whether she would be voluntarily dismissing the suit. In response, Plaintiff's counsel indicated that, despite the letters, he still saw liability. This belief appears to be largely related to the actions of Defendants after Plaintiff realized that a garnishment was in place and Plaintiff attempted to reinstate automatic payments. Regarding the letters, counsel acknowledged that it appeared they were sent, but expressed doubt that they adequately advised Plaintiff that the automatic payments would stop. However, he advised that there was room for negotiation if Defendant made a counter.

Counsel for Midland responded (10/12/18) with a lengthy account of its position and belief that Plaintiff's claim was baseless. Counsel warned that continued prosecution of the case was in 28 U.S.C. § 1927 territory. Counsel for L&M advised that it would not be making a counter offer but would proceed with defending the litigation. In a subsequent email, counsel for Midland indicated that Midland had authorized counsel to offer waiver of the two accounts at issue. Plaintiff's counsel countered on October 24, 2018, with a global demand of $5,000 plus waiver of the two accounts. That appears to be the end of the negotiations.

Plaintiff then filed an Amended Complaint that, in her words, did not add claims, but "remove[d] two claims and add[ed] additional facts to clarify the remaining claims." (Mot. for Leave to File ¶ 10, ECF No. 24.) In the First Amended Complaint, Plaintiff alleged that L&M sent letters to Plaintiff regarding her debts, which she attached as exhibits. She alleged that the letters did not explain that Plaintiff needed to write checks and mail them to Defendant or reauthorize automatic payments with L&M. Further, because Plaintiff believed the payments would continue to be taken via electronic checks, she had no reason to believe it was necessary to contact L&M. She continued to allege that Defendants' actions in pursuing garnishment after she contacted them to authorize automatic payments was unfair and unconscionable.

The Defendants moved for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's interpretation of the pertinent collection letters was illogical, incorrect, and directly contradicted by the plain language of the letters, and that the Complaint and attached exhibits demonstrated that the objective unsophisticated consumer would not be confused in the manner alleged by Plaintiff. The Court, in deciding the Motion, framed the Plaintiff's allegations as attacking the letters on grounds that, because they did not advise her that she needed to send in a written check or reauthorize automatic payments with L&M, were incomplete and therefore misleading. Then, when the Plaintiff realized that L&M was garnishing her checking account and asked L&M to stop garnishment and reinstitute automatic payment instead, it acted unfairly by denying her request.

The Court granted Defendants' motion to dismiss. The Court determined that, although the allegations in the Complaint supported the Plaintiff's subjective state of mind, including her understanding that payments would continue with no further action required by her, they did not show that this understanding was based on any misleading assurances from the Defendants. Thus,

having communicated that additional action was needed to continue with any arrangements that Plaintiff previously had with the prior debt collector, it was not unfair or unconscionable for the Defendants, when Plaintiff did not respond, to avail themselves of lawful procedures and garnish the Plaintiff's bank account to recover the debt that Plaintiff owed.

## ANALYSIS

Cases in which the Seventh Circuit has upheld § 1927 sanctions "have involved situations in which counsel have acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of those claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992); *see also Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 842 (N.D. Ind. 1995). This is conduct that is beyond unreasonable. *Kotsilieris*, 966 F.2d at 1184. Thus, sanctions under this statute are only warranted when an attorney "[engages] in a serious and studied disregard for the orderly process of justice." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988). "A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough." *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017).

For example, in *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832 (7th Cir. 2005), a case cited by Defendants, fees were appropriately awarded against an attorney responsible for causing the suit to be filed and for "allowing the litigation to continue when it knew that [plaintiff] could not win. When [counsel] demanded $3000 to release a blatantly frivolous claim, the firm pursued a path that it should have known was improper; therefore, its conduct was 'objectively unreasonable and vexatious.'" *Riddle*, 414 F.3d at 836 (quoting *Kapco Mfg. Co. v. Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quotation omitted)).

Defendants argue that sanctions are warranted because after receiving documents proving that a key factual allegation of Plaintiff's claims was false, counsel demanded $5,000 plus waiver of the debts to dismiss the claims and resorted to repeatedly changing his arguments instead of dismissing the claims. The Court does not find that counsel's conduct was objectively unreasonable and vexatious. Although Plaintiff's counsel learned that one of the factual allegations in the original Complaint was false, that was not necessarily the end of any potentially colorable claims. Litigation often evolves as facts are discovered. Here, the correspondence shows that Plaintiff's counsel did not subjectively believe that the new facts defeated his client's claim. Neither do they, or the filings on the docket, reveal objective bad faith. The absence of the letter was not the only aspect of Plaintiff's experience with Defendants that counsel believed was a violation of the FDCPA. Counsel consistently maintained that the letters, once he was made aware of them, were misleading in what they required of Plaintiff, and that it was unfair and unconscionable to pursue garnishment when Plaintiff failed to understand her duty to contact Defendant. That the claims could be considered novel did not make them frivolous or render counsel's actions reckless.

Drawing the line between protecting consumers who were not sophisticated, while at the same time ensuring that debt collectors are not liable for unrealistic or peculiar interpretations of collection letters is a difficult one, even for careful attorneys. By contrast, in *Riddle*, the letter in question was "'virtually identical' to the 'safe haven' letter that [the Seventh Circuit] suggested in *Bartlett v. Heibl*, 128 F.3d 497, 501–02 (7th Cir. 1997)." *Riddle*, 414 F.3d at 834. Thus, [t]here was no conceivable basis for a § 1692g claim," *id.* at 835, and yet counsel contested summary judgment and filed meritless counterclaims when the debt collector sought a declaratory judgment

that its letter was protected by the *Bartlett* safe haven. The circumstances in *Riddle* do not mirror this case.

Finding the hallmarks for an award of attorney fees under § 1927 absent from this case, the Court declines to impose the sanction and require counsel to bear Defendants' litigation fees.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Lloyd &McDaniel PLC's Motion for Attorney's Fees [ECF No. 43], and DENIES Defendant Midland Funding, LLC's Motion for Attorney Fees Under 28 U.S.C. § 1927 [ECF No. 46].

SO ORDERED on August 20, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT